UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE-LAEL B. NORSWORTHY,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | Case No. 20-cv-01859-JST<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS OR TRANSFER CASE FOR IMPROPER VENUE**<br><br>Re: ECF No. 13 |

Before the Court is Defendants' motion to dismiss without prejudice or to transfer case for improper venue. ECF No. 13. The Court will grant the motion in part and deny it in part.

## I.   BACKGROUND

Plaintiff Michelle-Lael B. Norsworthy is a post-operative transgender woman who is currently housed at Central California Women's Facility ("CCWF") by the California Department of Corrections and Rehabilitations ("CDCR"). ECF No. 1 ¶ 10. She "was previously in CDCR custody from April 15, 1987 to August 12, 2015, at which time she was released on parole. She is currently in CDCR custody for violating the conditions of her parole." *Id.*

On March 16, 2020, Norsworthy filed this action in the United States District Court for the Northern District of California against CDCR Secretary Ralph Diaz, former CCWF Warden Janel Espinoza, current CCWF Warden Michael Pallares, CCWF Chief Physician and Surgeon Ikwinder Singh, CCWF Chief Medical Executive Robert Mitchell, and CCWF Primary Care Physician Roselle Branch ("Defendants"). *Id.* ¶¶ 11-16. Norsworthy alleges that Defendants "deprived [her] of her right to medically necessary treatment guaranteed by the Eighth Amendment of the U.S. Constitution" by "acting deliberately indifferent to [her] need for her pain medication, antibiotics, and hygiene products to manage complications from her prior surgeries related to [sex

reassignment]." *Id.* ¶ 68. She also alleges that Defendants denied her "medically-necessary surgery to repair the loss of depth" in her vagina. *Id.* ¶¶ 3-4.

On April 6, 2020, Defendants filed a motion to dismiss without prejudice or to transfer case for improper venue under Federal Rule 12(b)(3) and 18 U.S.C. §§ 84, 1406(a), and 1404(a). ECF No. 13. Norsworthy opposes the motion, ECF No. 18, and Defendants have filed a reply, ECF No. 20.

## II.   JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

The federal venue statute, 28 U.S.C. 1391(b), provides for venue if a case is brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."[1]

Under Federal Rule of Civil Procedure 12(b)(3), a party may file a motion to dismiss on the basis of improper venue. *Royal Hawaiian Orchards, L.P. v. Olson*, No. CV 14-8984 RSWL (RZx), 2015 WL 3948821, at *1 (C.D. Cal. June 26, 2015) (citing Fed. R. Civ. P. 12(b)(3)). "Once venue is challenged, the plaintiff bears the burden of showing that venue is proper." *Underberg v. Emp'rs Mut. Cas. Co.*, CV-15-112-BLG-CSO, 2016 WL 1466506, at *3 (D. Mont. Apr. 14, 2016) (citing *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979)). In considering a Rule 12(b)(3) motion to dismiss, the court need not accept the pleadings as true and may consider facts outside the pleadings. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).

---

[1] Defendants argue that, under 28 U.S.C. § 1391(b), "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought *only* in the judicial district where all defendants reside, except as otherwise provided by law." ECF No. 13 at 4 (emphasis added). Defendants do not accurately quote the statute.

2

"If the court finds that the case has been filed 'in the wrong division or district,' it must 'dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009) (quoting 28 U.S.C. § 1406(a)). "Even if the court determines that venue is proper, it may still transfer for the convenience of parties and witnesses, in the interest of justice." *Del Toro v. Atlas Logistics*, No. 1:12-CV-01535-AWI-BAM, 2013 WL 796593, at *2 (E.D. Cal. Mar. 4, 2013). "In either case, the decision to transfer rests in the discretion of the court." *Id.* (citing 28 U.S.C. 1404(b); *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (holding that the trial court did not abuse its discretion under 28 U.S.C. § 1406(a) when it chose to dismiss, and not transfer, the action because of improper venue)).

## IV.   DISCUSSION

Defendants seek to dismiss this action on the basis of improper venue or, in the alternative, transfer this action to the Eastern District of California. ECF No. 13 at 2. Defendants argue that venue is proper in the Eastern District because all Defendants reside in this district and "nearly all the events" giving rise to Norsworthy's claim occurred in this district. *Id.* at 4-5. They further assert that venue is improper in the Northern District because (1) none of the Defendants reside in this district and (2) the "sole occurrence" related to this action which took place in the Northern District "is neither significant nor material." ECF No 20 at 2-4.

Norsworthy "does not dispute that the Eastern District would be a proper venue" for her action. ECF No. 18 at 6. Rather, she asserts that Section 1391(b)(2) also provides for venue in the Northern District because "critical events related to [her] claim arose in this district." *Id.* In particular, Norsworthy asserts that Dr. Bowers, whose office is located in the Northern District, "prepared an opinion for CDCR recommending—without ever examining Ms. Norsworthy or even seeing pictures showing her condition—that Ms. Norsworthy receive a 'second opinion' from a new surgeon before undergoing a colon-vaginoplasty." *Id.* Thereafter, and allegedly "[b]ased on Dr. Bower's recommendation, CDCR revoked its prior approval for Ms. Norsworthy's surgery and is forcing her to see yet another doctor before it will permit her to receive medically-necessary procedures." *Id.* at 6-7.

1    For venue to be proper under Section 1391(b)(2), "significant events or omissions material
2    to the plaintiff's claim must have occurred in the district in question, even if other material events
3    occurred elsewhere." *Tech. Credit Corp. v. N.J. Christian Acad., Inc.*, 307 F. Supp. 3d 993, 1002
4    (N.D. Cal. 2018)) (quoting *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11-cv-02460-
5    LHK, 2011 WL 2607158, at *10 (N.D. Cal. July 1, 2011)).  "[M]ost courts look not to a single
6    triggering event prompting the action, but to the entire sequence of events underlying the claim."
7    *Underberg*, 2016 WL 1466506, at *4 (citing SCHWARZER, TASHIMA & WAGSTAFFE,
8    *Federal Civil Procedure Before Trial* at ¶ 4:325.1 (2015)).  When considering such events, "only
9    those events or omissions 'that directly give rise to a claim are relevant . . . [and] only those
10   locations hosting a 'substantial part' of the events are to be considered.'" *Id.* (quoting *Jenkins*
11   *Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003)) (alteration in original).

12   The substantiality requirement is "intended to preserve the element of fairness so that a
13   defendant is not haled into a remote district having no real relationship to the dispute." *Id.*
14   (citations omitted).  "[V]enue may be proper in multiple districts if a 'substantial part' of the
15   underlying events took place in each of those districts." *Trujillo v. Intermex Products USA, Ltd.*,
16   No. 1:18-CV-1476 AWI BAM, 2018 WL 6528428, at *3 (E.D. Cal. Dec. 12, 2018) (citations
17   omitted) (alteration in original).

18   Applying this test, the Court finds that Norsworthy has not demonstrated that a substantial
19   part of the underlying events occurred in the Northern District.  The Complaint asserts that
20   Defendants violated the Eighth Amendment by (1) failing "to provide Norsworthy in a timely
21   manner with pain medication, antibiotics, and hygiene products that were prescribed by her
22   doctors," (2) failing to "provide a private space for [her] to dilate properly pursuant to her doctors'
23   orders," (3) failing "to provide sufficient post-operative medical care" after her sex reassignment
24   surgery, and (4) denying her "medically-necessary surgery to repair the loss of depth" in her
25   vagina. ECF No. 1 ¶¶ 1-9, 63-67.  Each of these alleged violations was either carried out by
26   prison staff at CCWF or resulted from decisions made by personnel at CDCR Headquarters.
27   Because both CCWF and CDCR Headquarters are located within the Eastern District, each event
28   "directly giv[ing] rise to [Norsworthy's] claim" occurred within this district. *Underberg*, 2016

4

WL 1466506, at *4; *see* 28 U.S.C. § 84(b).[2]

      Dr. Bowers's recommendation that Norsworthy receive a "second opinion with a new surgeon" may have influenced CDCR's decision to "revoke its earlier approval for Ms. Norsworthy's surgery and require Ms. Norsworthy to go see [] another doctor." ECF No. 1 ¶¶ 5-6. However, Bower's recommendation did not "directly give rise to a claim" in Norsworthy's complaint. *Underberg*, 2016 WL 1466506, at *4. In any event, the vast majority of the factual allegations underlying Norsworthy's claim occurred in the Eastern District. *See* ECF No. 1 ¶¶ 63-68 (alleging that, while in custody at CCWF, Norsworthy was deprived of "her right to medically necessary treatment guaranteed by the Eighth Amendment" through Defendants' "denial of sufficient accommodations to dilate, denial of pain medication despite having a prescription for that medicine, denial of hygiene products, including douches, to clean her surgery wound, and failure to treat the resulting vaginosis infection."). Thus, Norsworthy has failed to demonstrate that the Northern District "host[ed] a 'substantial part' of the events" which gave rise to her claim. *Underberg*, 2016 WL 1466506, at *4 (quoting *Jenkins*, 321 F.3d at 1371).

      Because Norsworthy has filed her case in the wrong district, the Court "must 'dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought.'" *Allstar*, 666 F. Supp. 2d at 1126 (quoting 28 U.S.C. § 1406(a)). "Transfer is generally in the interest of justice because 'dismissal of an action that could have been brought elsewhere is time-consuming and justice-defeating.'" *SGII, Inc. v. Martin*, No. SACV 19-00541 JVS (KESx), 2019 WL 6840788, at *3 (C.D. Cal. July 1, 2019) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)). Moreover, both parties agree that venue is proper in the Eastern District of California. ECF No. 13 at 4 ("[V]enue is proper in the Eastern District of California."); ECF No. 18 at 6 ("Norsworthy does not dispute that the Eastern District would be a proper venue."). Accordingly, the Court concludes that transferring this case to the Eastern District will better serve the interests of justice and the convenience of the parties. *See Mardones v. Lauper*, No. CV 17-6440 PA (FFMx), 2018 WL 1363488, at *6 (C.D. Cal. Feb. 23, 2018); *Del Toro*, 2013

---

[2] CCWF is located in Madera County, and CDCR Headquarters is located in Sacramento County. These counties are located within the Eastern District of California. 28 U.S.C. § 84(b).

WL 796593, at *2 ("[T]he decision to transfer rests in the discretion of the court.").

## CONCLUSION

For the foregoing reasons, the Court grants in part Defendants' motion to dismiss or transfer case for improper venue. The Court concludes that venue in the Northern District is improper and that transferring the case to the proper district will better serve the interests of justice. Accordingly, the Court hereby orders the Clerk to transfer this action to the United States District Court for the Eastern District of California.

**IT IS SO ORDERED.**

Dated:  June 10, 2020



JON S. TIGAR
United States District Judge